# Davidson *v.* State *ex rel.* Woodruff.

### Action in Nature of Quo Warranto.

1. *Contested election under charter of the City of Selma; final record and custody of the papers.*—The charter of the City of Selma having made no provision, either for the custody of the papers relating to the contest of municipal elections therein provided to be had before the judge of the circuit court, or for making any final record of such contest, while such papers may properly be deposited with the clerk of that court for

[Davidson v. State ex rel. Woodruff.]

safe keeping, they do not thereby become records thereof, of which the clerk can certify, and by certifying authenticate a copy, so as to render such copy competent evidence.

2. *Same; original papers and judgment competent evidence.*—The judgment rendered on the trial of such contest in favor of the contestant, is conclusive as to his right to the office, in a subsequent action brought by him to recover it; and such judgment and the original papers relating to the contest are admissible evidence in such action, to establish his right to a recovery.

3. *Oath of office; when may be taken.*—In an action in the nature of *quo warranto*, it is sufficient, under the statute, if the relator take the oath of office prescribed by law, after judgment; and hence, evidence that he had or had not taken such oath before the commencement of the suit, is wholly immaterial.

APPEAL from Dallas Circuit Court.

Tried before Hon. GEORGE H. CRAIG.

This was a statutory action in the nature of *quo warranto*, brought by Noadiah Woodruff in the name of the State, the appellee, against Robert J. Davidson, the appellant, for the purpose of trying the right to the office of Mayor of the City of Selma, to which, as the complaint alleged, the appellee had been regularly and duly elected, but which the appellant had intruded into and usurped, and then unlawfully held and exercised. On the trial had upon a plea putting in issue the averments of the complaint, the appellee proved, and read in evidence, against the appellant's objection, the original papers relating to a contest of said election which was commenced by the former against the latter, under the provisions of the charter of the City of Selma, before Hon. George H. Craig, judge of the Circuit Court of Dallas county, and a judgment rendered therein in favor of the appellee; and to the admission of this evidence the appellant excepted. The appellee introduced, against appellant's objection, secondary evidence of the contents of the oath of office taken by the appellee after the rendition of the judgment in the contest, and before the commencement of this suit, to the admission of which the appellant also excepted. The view taken by this court of the question thus raised, renders it unnecessary to set out the testimony offered to the court below as a predicate for the introduction of the evidence. A judgment was rendered on verdict in favor of the appellee, from which this appeal was taken. The rulings of the Circuit Court above noted are, among others, here assigned as error.

WHITE & WHITE, Jos. F. JOHNSTON and PETTUS, DAWSON & TILLMAN, for appellant.

D. CLOPTON, S. W. JOHN and SUMTER LEA, *contra.*

[Davidson v. State ex rel. Woodruff.]

(No briefs came to the hands of the reporter.)

STONE, J.—The provisions in the city charter of Selma, providing for the contest of municipal elections, are very meagre.—See Acts 1874-5, p p. 362-3. Section 16 provides, that such contest shall be heard before the judge of the Circuit Court of Dallas county, either in vacation or term time. Section 18 declares, "that the party contesting shall file his application, and give notice of such contest to the judge of said Circuit Court, and the person or persons whose election is so contested, within fifteen days next succeeding said election." Section 19 provides the manner of taking testimony, and section 20 is as follows : "After the testimony on both sides is completed, the judge trying the cause may examine the poll list and ballots, and pronounce judgment in the case according to the facts." It will be observed, that these sections make no provision for the deposit of the papers, after the trial is had, or for making any. final record of the suit. In analogy to other proceedings, we think it eminently proper such papers should be deposited with the clerk for safe keeping ; but they do not become records, of which the clerk can certify, and by certifying, authenticate a copy. They are deposited with him simply for safe custody. A certified copy of them would not have been evidence.

In 1 Greenl. Ev. § 501 it is said : "As to the proofs of records, this is done either by the production of the records, without more, or by a copy." In 2 Phil. Ev.—Cow. & Hill's and Edwards' Notes, 343,—the principle is thus stated : "Where, indeed, the existence of the record is the very point in issue, as upon an issue joined on the plea of *nul tiel record*, and the record belongs to the same court wherein issue is joined, the record itself must be actually produced." It is said in this case, however, that the record, or roll as it may be called, was not offered in the same court. These precise questions were urged when this case was before us at a former term—63 Ala. 432—and we then held the evidence was properly admitted, and that the judgment pronounced by the circuit judge on the trial of the contested election established the right of the party to whom the office was adjudged. We have perceived no ground for changing our opinion, and we will offer no argument in support of it. On the admissibility of the evidence offered, see *Burk v. Tregg*, 2 Wash. (Va.) 276 (215) ; *Anderson v. Dudley*, 5 Call. 529 ; *Green v. Ovington*, 16 Johns. 55 ; *Lansing v. Russell*, 3 Barb. Ch. 325 ; *Patton v. Miller*, 13 Seg. & R. 254 ; *Eisenhart v. Slaymaker*, 14 1b. 153 ; *Adams v. Betz*, 1 Watts, 425 ; *The King v. Hopper*, 3 Price, 495.

[Davidson v. State ex rel. Woodruff.]

It is objected, that Woodruff had not taken a proper oath of office, when the judgment was pronounced in this cause. Article 15 of the constitution of 1875 prescribes the oath which "all members of the General Assembly, and all officers, executive and judicial," must take "before they enter upon the execution of the duties of their respective offices." Section 4160 of the Code of 1876 makes it a misdemeanor for any officer required by law to take an oath of office, to enter upon the duties of his office without first taking such oath. Section 162 provides: "The mayor and aldermen of the various cities in this State shall take the oath of office prescribed in article fifteen of the constitution of the State, and none other; and upon taking the same, are absolved from any other charter oath previously taken by them." This statute was enacted, March 4, 1876. In the charter of the City of Selma, there is no clause prescribing when the oath of office shall be taken by the mayor, or where filed. The charter is silent on the subject of such oath. We find no law, except that hereafter referred to, which prescribes when the mayor shall take the oath of office, other than the constitution and Sec. 4160 *supra*, which latter declares it to be a misdemeanor to enter upon the duties of office, without first taking such oath. The present proceedings were instituted under chapter 5, Title 2, Part 3 of the Code, commencing with section 3422. Section 3431 declares: "If the judgment is rendered upon the right of the person so alleged to be entitled, and the same is in favor of such person, he is entitled, after taking the oath of office and executing such official bond as may be required, to take upon himself the execution of the office." It is sufficient, if the oath be taken after final judgment in such a proceeding as this, and hence, whether Woodruff had taken the proper oath, or indeed any oath before final judgment in the Circuit Court in this cause, was wholly immaterial. It could only become material and imperative, when he entered upon the duties of his office. There is no error in the record.

Affirmed.