KEITH *et al.* v. RIDGE, *Appellant.*

### Division One, November 15, 1898.*

1. **Action:** CONTRACT: QUANTUM MERUIT: INDEBITATUS ASSUMPSIT. If two parties enter into a contract, and one of them, without the fault of the other, fail to perform his side of the contract in such a manner as to sue on it, still, if the other party has derived a benefit from the part performed, it would be unjust to allow him to retain that benefit without paying anything. The law will generally imply a promise on his part to pay such a remuneration as the benefit conferred is reasonably worth, and, to recover that *quantum* of remuneration, an action of *indebitatus assumpsit* is maintainable.

2. ——: ——: ——: PARTY WALL. Owners of adjoining lots in a city contracted for the erection of a party wall on the line of the lots, agreeing that the one who first built should do so at his own expense, conforming to certain specifications as to height, etc., and if the other afterwards erected a building on his lot he could use the wall so built and must pay one half its worth at the time of such use. The plaintiff built the wall the full length of the lot, six and seven stories high, except that about midway of its length he recessed it for about sixteen feet, thus forming a court for light. Afterwards defendant made use of this wall in erecting his building the full length of the lots, but filled up or extended the party wall over the part recessed or left vacant by plaintiff. *Held,* that, as defendant had accepted of so much of the party wall as was erected by plaintiff, although it was not erected in exact accordance with the contract, yet plaintiff was entitled, on a *quantum meruit,* to recover one half of the value of the party wall erected by him at the time it was used by defendant, less one half the value of the part built by defendant.

*Appeal from Jackson Circuit Court.*—HON. C. O. TICHENOR, Special Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for appellant.

(1) A "party wall" means a solid wall, without windows or openings of any kind therein; and where

* NOTE.—Decided July 6, 1898; motion for rehearing filed; overruled November 15, 1898,

there is a contract calling for a "party wall," and one of the parties thereto builds, leaving windows or openings in the wall, he is a trespasser *ab initio* on the land of the other. *Harber v. Evans*, 101 Mo. 668; *St. John v. Sweeney*, 59 How. Pr. 175; *Vansykel v. Tryon*, 6 Phila. 401; *Milne's Appeal*, 81 Pa. St. 56; *Vollmer's Appeal*, 61 Pa. St. 125; *Dauenhauer v. Devine*, 51 Tex. 488; *Franke v. White*, 19 Atl. Rep. 196. (2) The owner of the land, in building a party wall, partly on his own land and partly on that of an adjoining owner, has no right, against the objections of the adjoining owner, to leave openings for windows therein to be used until such time as the other shall build. *Normile v. Gill*, 34 N. E. Rep. 543; *Sullivan v. Graffort*, 35 Iowa, 531; *Graves v. Smith*, 87 Ala. 450; *Patridge v. Gehert*, 15 N. Y. 601; *Brooks v. Curtis*, 50 N. Y. 639; *Ingals v. Planendon*, 75 Ill. 118; *Gibson v. Holden*, 115 Ill. 199; *Block v. Isham*, 28 Ind. 37; 3 Kent Com. 437. (3) There is no "party-wall" statute in this State. Plaintiffs' only right then to rest one half the wall on defendant's land arose out of the contract, but when they violated that contract by not erecting a legal and proper "party wall" they forfeited the consent given by the contract and became trespassers. *Harber v. Evans*, 101 Mo. 668; *Vansyckel v. Tryon*, 6 Phila. 401; *Vollmer's Appeal*, 61 Pa. St. 118; *Milne's Appeal*, 81 Pa. St. 54. (4) Plaintiffs, having neither a statutory right nor defendant's consent, it follows, under familiar principles of law, that the part of the wall built by them upon defendant's land became the property of defendant. *Sherred v. Cisco*, 4 Sandf. 480; *Block v. Isham*, 28 Ind. 37; *Preiss v. Parker*, 67 Ala. 503; *Antomarchi's Ex. v. Russell*, 63 Ala. 358; *Bisquay v. Jeunelot*, 10 Ala. 245; *List v. Hornbrook*, 2 W. Va. 343; *Sherrod v. Cisco*, 4 Sandf. 480; *Orman, Admr., v. Day*, 5 Fla. 390; *McCord v. Herrick*, 18 Ill. App. 424;

Keith v. Ridge.

*Wilkins v. Jewett*, 139 Mass. 29; *Abrahams v. Krauttler*, 24 Mo. 69; *Rankin v. Charles*, 19 Mo. 490.

*Fyke, Yates & Fyke* for respondents.

(1) Appellant was present nearly every day during the construction of the wall. He made no complaint or objection to methods of its construction; without complaint, he used it in the construction of his building. Upon plainest principles of right and justice he should pay for one half the value thereof when he used it. *Keating v. Froham*, 88 Mo. 524. (2) If appellant was not content with the manner in which the wall was being constructed, he should then have made his objection; and if respondents were violating the contract by erecting a wall not in compliance with it, appellant could have prevented its erection upon his land by pursuing the course taken in *Harber v. Evans*, 101 Mo. 661 —but he could not stand silently by and see respondents expend thousands of dollars upon a foundation and wall upon his land, knowing that they expected him to pay for half its value when he used it, and afterwards claim that they departed in some slight particular from the strict terms of the contract. Respondents were not trespassers, because what they did was with appellant's full knowledge and without objection. All the cases cited by appellant are cases where injunctions were asked or where no agreement, express or implied, existed between the parties. (3) It was proper to unite a count upon *quantum meruit* with a count on the contract; and the contract was sufficient evidence of a promise to pay, under the count upon *quantum meruit*. *Williams v. Railroad*, 112 Mo. 463; *Moose v. Gaus & Sons Mfg. Co.*, 113 Mo. 98. (4) There is no reason, and can be none, why the rule applied by this court in building contracts is not applicable to this case. That

rule is this:    Although the builder does not in every respect fulfill his contract, still if the owner uses, possesses and enjoys the building, then the builder is entitled to recover what his labor and material were worth, less whatever  damages the owner may have sustained by reason of the builder's failure to comply with his contract.    *Yeats v. Ballentine*, 56 Mo. 530; *Davis v. Brown*, 67 Mo. 313; *Rude v. Mitchell*, 97 Mo. 365.

BRACE, P. J.—The plaintiffs Keith and Perry are the owners of a lot in Kansas City fronting one hundred feet on Walnut street and running back one hundred and fifteen feet to an alley, and the defendant Ridge is the owner of a contiguous lot of the same frontage and depth.

On the seventh of July, 1886, the parties entered into a written contract which provided as follows:

"1.    That whichever party shall first build adjoining said lines, shall erect a party wall thereon, half on each side thereof, of such depth as such party shall see fit, and of sufficient strength  and thickness to sustain a building of not less than five stories in height, of good material and workmanship, and in conformity with the building laws for the time being in force, and shall keep the same in  repair until  used by the owner of the other parcel;  after which the same shall be kept in repair at the joint expense of the owners of said adjoining parcels of land for the time being.

"2.    That whenever the owner for the  time being of the other  parcel use  said wall, he shall  pay to the person at the time of such  use owning  the parcel first built upon, one half of the then value of such wall, including in the word 'wall' the stone and brick foundations and  any other sub-structure, together with the coping.

"3.    That either party, his or their heirs or assigns
on either side, may build said wall higher or deeper,
taking due care not to injure the other owner, and
doing the work wholly from his or their side, unless the
other side be vacant, and doing all that may be neces-
sary, as by carrying up flues and the like to leave the
other owner as near as may be in as good condition as
before, and using good material and workmanship and
conforming to existing building laws; and one half of
the value of any such additions when used shall be
paid for like the original structure."

Soon after the agreement was made the plaintiffs,
Keith and Perry, commenced the erection of a building
on their lot, six stories high on Walnut street and
seven stories on the alley, the centre of the south wall
of which was, in pursuance of the agreement, located
on the dividing line between their lot and that of the
defendant Ridge.    The foundation of the wall was of
stone, solid and continuous from Walnut street to the
alley.    The remainder was of brick laid continuously
thereon, except that from about two feet above the
stone foundation and about fifty feet from the front
wall the plaintiffs recessed their south wall on their own
lot for a distance of sixteen or seventeen feet to the
top, thus leaving a space of that length of the wall
unoccupied by their building, thereby forming a court
therefor on their own premises, for the purposes of light
and ventilation.    Their building was completed some-
time in the year 1888, and in the year 1890, the
defendant erected a building on his lot of the same
depth, four stories high on Walnut street and five
stories high on the alley, using the wall thus constructed
by the plaintiffs for the north wall of his building,
making the same a continuous, solid, blank wall between
the two buildings by filling up the space aforesaid left
by the plaintiffs as aforesaid, which ever since has

been used and enjoyed by both parties as a party wall for their buildings.

After the defendant had thus erected his building, the plaintiffs demanded payment of one half of the cost of the wall thus used by the defendant, and payment having been refused, this suit was instituted.

The petition is in two counts, the first upon the contract, the second upon a *quantum meruit*. The answer is a general denial, except as to the making of the contract, with allegations of specific violations thereof.

The case was tried by the court without a jury. The finding on the first count was for the defendant. On the second count it was for the plaintiffs, on the theory that the defendant having used the wall as a party wall ought to pay one half of the reasonable value of the wall actually used by him at the time it was so used, less one half of the reasonable value of the part of said wall built by defendant at the time it was built; and upon this theory plaintiffs' damages were assessed at the sum of $4,247.67, and judgment for that amount rendered in his favor, from which the defendant appeals. The contention of the defendant is that a party wall is a solid blank wall without windows or openings therein; that such was the wall contemplated in the contract, and that by reason of the space aforesaid having been left above the foundation, unbuilt in, such wall was not a party wall within the meaning of the contract, although the contract provided that plaintiffs using it build the wall of such depth as they saw fit, and in all other respects the wall below and on each side of this space was a solid blank wall without windows or openings therein, built in accordance with the requirements of the contract, and subjected by the character of its construction to no exclusive servitude for plaintiffs' benefit. To this

extent the contention of the defendant was sustained by the circuit court, by its finding in his favor on the first count of the petition, and that ruling, not being before us for review on his appeal, need not be discussed. The contention, however, goes further, and it is insisted that the work not having been completed in accordance with the terms of the contract as construed by the court, the court committed error in holding that the defendant was liable to the plaintiffs for anything on account thereof, although the same was accepted and used by the defendant for a party wall as contemplated in the contract.

In support of this contention a number of cases are cited in which it has been in effect held that where a wall has been erected by the owner of a lot on the boundary line between his own and an adjoining lot, resting partly on each, the law imposes no obligation on the owner of the adjacent lot to contribute to the cost of its erection in the absence of an agreement or promise to do so (*Preiss v. Parker*, 67 Ala. 500, and cases cited; *List v. Hornbrook*, 2 W. Va. 340; *Sherred v. Cisco*, 4 Sandf. 480; *Orman v. Day*, 5 Fla. 385), a general proposition that may be conceded for the purposes of this case. On this principle it is contended that although the wall in this instance was erected in pursuance of a written agreement duly executed, acknowledged and recorded, and in conformity thereto, except in the respect mentioned, and of great value to the defendant for the very use intended in the agreement, and to which use it was subjected, and ever since has been enjoyed by the defendant; yet the wall not having been completed in the manner contemplated in the contract, the consent of the defendant thereby given was forfeited, the plaintiffs became trespassers *ab initio* and can claim nothing on account thereof, notwithstanding their large expendi-

ture therefor, under the contract, for the defendant's benefit. This contention wholly ignores that salutary and equitable principle, early introduced into the common law, and which has become firmly imbedded in our system of jurisprudence, that, "If one party, without the fault of the other, fails to perform his side of the contract in such a manner as to sue on it, still, if the other party has derived a benefit from the part performed, it would be unjust to allow him to retain that without paying anything. The law, therefore, generally implies a promise on his part to pay such a remuneration as the benefit conferred is reasonably worth, and to recover that *quantum* of remuneration, an action of *indebitatus assumpsit* is maintainable." *Yeats v. Ballentine*, 56 Mo. 535, *and cases cited*. "The established rule extracted and deduced from all the cases is, that where a a party fails to perform his work according to the stipulations of his agreement, he can not recover on the special contract; but if the services rendered by him or the materials furnished, are valuable to the other party, and are accepted by such party, then he would be liable to pay the actual value of the work performed or the materials furnished, not exceeding the contract price, after deducting for any damage which had resulted from a breach of the agreement." *Eyerman v. Mt. Sinai Cemetery Association*, 61 Mo. 491. The principle upon which this rule is based is so fair, just and equitable that while at first its application was limited to a certain class of contracts it has now become in this State a rule of general application to all contracts where it can be applied without doing the defendant injustice. *Moore v. Gaus Mfg. Co.*, 113 Mo. 98; *Halpin Mfg. Co. v. School District*, 54 Mo. App. 371. So far as our decisions go the only exception perhaps thus far developed are contracts for labor for a specified term. *Earp v. Tyler*, 73 Mo. 617, and cases cited.

We fail to discover in the argument of counsel for the defendant, drawn from the nature of the interest acquired by the co-terminous proprietors in a party wall built as this one was, any sound reason for not applying this rule to the case in hand, as was done by the circuit court in its judgment, which ought to be, and is therefore affirmed.    All concur.