ARTHUR FRITSCH FOUNDRY AND MACHINE COMPANY, Appellant, v. GOODWIN MANUFACTURING COMPANY, Respondent.

St. Louis Court of Appeals, April 14, 1903.

1. **Contract, Special:** NON-COMPLIANCE: LIABILITY ON GENERAL ASSUMPSIT. Where machinery or other articles are furnished by one party to another under a special contract, and are retained by the party, although such machinery does not comply with the contract requirements, he will be liable for its value to him, less the damages resulting from its failure to fill the contract specifications.

2. ———: JUDGMENT IN A FORMER SUIT CONCLUSIVE, WHEN. A judgment for defendant in an action on a special contract for machinery built for defendant, the petition in which (answer being but a general denial) set out the contract, performance by plaintiff, and non-payment by defendant, will not preclude the plaintiff from instituting a subsequent suit on the implied contract of defendant to compel him to pay the reasonable value of such machinery, the same having been retained by him.

3. ———: NOT THE SAME CAUSE OF ACTION. The first suit was on an express contract, the present suit is on the contract implied by law that a party who accepts and retains a thing of value will pay what it is reasonably worth; the contracts are different and the causes of action arising upon them, separate and distinct.

4. ———: ———: RES ADJUDICATA. A judgment of a court of competent jurisdiction upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties, but there must be no uncertainty as to the question being litigated in the last suit being precisely the same as was litigated in the former suit.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

REVERSED AND REMANDED.

STATEMENT.

After preliminaries, the petition proceeds as follows:

"Plaintiff, for cause of action, states that in the latter part of the year 1900 and early part of the year 1901, it built, furnished and delivered to the defendant, at the special instance and request of the defendant, 'one hydraulic press, one hydraulic pump and one elevator,' which said machinery was valuable to the defendant, and which the defendant received and accepted; that said machinery was of the reasonable value of thirty-three hundred dollars. That, though often requested, the defendant has neglected and refused to pay the plaintiff for said machinery and now refuses to pay the plaintiff therefor to plaintiff's damage in the sum of thirty-three hundred dollars."

The answer was a general denial and a plea of estoppel by a former adjudication, as follows:

"And for a second and further defense, defendant says that at the time of the commencement of this action there was another action pending in this State, to-wit: In the circuit court of the city of St. Louis, in division number one, between this plaintiff and defendant, being cause No. 20428, instituted to the April term of the honorable court in the year 1901, for the same cause of action set forth in the petition herein; that the same was tried before a jury on the tenth and eleventh days of February, 1902, and a verdict was rendered in favor of this defendant; that the plaintiff filed its motion for a new trial therein, which was overruled by the court, and thereupon the plaintiff took an appeal to the St. Louis Court of Appeals, where said action is now pending and undetermined; that said action is a suit upon the same cause of action set forth in the petition herein, and for the recovery of the contract price of said machinery.

"And for another and third defense, defendant says, that heretofore, to-wit, on the sixteenth day of March, 1901, plaintiff brought an action against this defendant in the circuit court of the city of St. Louis, Missouri, a court having jurisdiction of the parties plaintiff and defendant and of the subject-matter of said cause of action, said court being a court of general jurisdiction, for same cause of action as that set forth in the petition of plaintiff herein; and in said action, judgment was duly rendered for this defendant on the eleventh day of February, 1902. That said judgment has been made final by the dismissal of said appeal by the St. Louis Court of Appeals this eleventh day of November, 1902.

"Wherefore, having fully answered, defendant asks to go hence with its costs."

The reply was a general denial.

Plaintiff introduced the following evidence:

"St. Louis, August 1, 1900.

"Goodwin Manufacturing Co., City.

"Gentlemen: We propose to build, furnish, deliver and erect one hydraulic press, one hydraulic pump, one elevator and a set of cutting knives for the sum of thirty-five hundred dollars.

"You are to furnish all foundations and do all necessary carpenter work for the machinery.

"Respectfully yours,

"ARTHUR FRITSCH FDY. & MCH. CO.,

"ARTHUR FRITSCH, Prest.

"All the machinery is to be built in strict accordance with the specifications submitted to you of which we have a copy, and the change or addition of lining plunger with copper, and that the patterns are to be your property and delivered to you when the work is completed.

"Accepted as above.

"GOODWIN MFG. CO.

"GEO. F. TOWER, JR., Prest."

Plaintiff also introduced in evidence the specifications referred to in the foregoing contract, and evidence that the specifications were modified by mutual agreement after the contract had been signed; evidence that the hydraulic press and pump had been constructed, furnished and set up in defendant's establishment; that the elevator was also furnished but was not set up for the reason that Tower, defendant's president, concluded after it was furnished that its use could be dispensed with; that the knives were not furnished for the reason that Tower concluded not to use them; evidence that the hydraulic press was worth from $3,500 to $4,000, and the elevator $15.

Defendant introduced evidence showing that plaintiff, on the sixteenth day of March, 1901, brought suit against the defendant on the foregoing contract for the recovery of the contract price ($3,500) for machinery, alleging that it had in every particular performed all the conditions of the said contract, but that defendant had failed to perform the conditions thereof on its part by neglecting and refusing to pay the contract price of $3,500 for said machinery.

The answer was a general denial.

The plaintiff's evidence on the former trial, in respect to the contract, its modifications and the furnishing of the machinery agreed to be furnished, was substantially the same as on the trial of the present case, but it offered no evidence of the value of the machinery.

The evidence of defendant, if any was adduced, is not contained in the present record.

The instructions were based upon the pleadings, and plaintiff was held to prove the contract as alleged, its stipulations and their modifications as alleged, and to prove strict performance on its part of the conditions of the contract as modified.

One of the specifications required the plaintiff to set up the machinery in eight weeks. In respect to this

agreement the court, on the part of the defendant, instructed the jury as follows:

"The court instructs you that if the machine in controversy was not completed within eight weeks from August 1, 1900, and the defendant did not by its conduct cause such delay, and did not consent thereto, then your verdict must be for the defendant on the first count."

Another specification required the press to stand a pressure of four hundred pounds to the square inch. In respect to this specification, the court instructed the jury for defendant as follows:

"If you believe from the evidence that after the erection of the hydraulic press that the same would not stand a pressure of four hundred pounds to the square inch when distributed on the surface of the carriage, a space five feet by seven feet, then your verdict must be for the defendant on the first count."

In regard to the alleged modifications of the contract, the court instructed the jury on the part of the defendant as follows:

"The court instructs the jury that the plaintiff departed from the original contract in the following particulars: That the cylinder was bored to less than nineteen inches; that the upright or tie-bars were less than eight in number; that there were two plungers of equal size, instead of one large plunger and one small or high pressure plunger; that the knives to cut the cake into suitable sizes were not delivered; and that the elevator was not erected ready for the defendant's belting.

"Now, therefore, if you believe from the evidence that the defendant did not agree to any one of said changes, then your verdict must be for the defendant on the first count."

There was a verdict and judgment for the defendant from which the plaintiff appealed to this court. The

appeal, on the motion of defendant, was dismissed. This was all the evidence.

On motion of defendant the court, in the present cause, instructed the jury as follows:

"The jury is instructed that under the pleadings and all of the evidence, the plaintiff is not entitled to recover."

The jury returned a verdict for defendant. After an unavailing motion for new trial, plaintiff appealed.

*Albert N. Edwards* and *Geo. L. Edwards* for appellant.

(1) " 'The established rule extracted and deduced from all the cases is, that where a party fails to perform his work, according to the stipulations of his agreement, he can not recover on the special contract; but if the services rendered by him or the materials furnished are valuable to the other party, and are accepted by such other party, then he would be liable to pay the actual value of the work performed or materials furnished, not exceeding the contract price, after deducting for any damage which had resulted from a breach of the agreement.' Eyerman v. Mt. Sinai Cemetery Association, 61 Mo. 491. The principle upon which this rule is based is so fair, just and equitable that while at first its application was limited to a certain class of contracts, it has now become in this State a rule of general application to all contracts where it can be applied without doing the defendant injustice. Moore v. Gaus Mfg. Co., 113 Mo. 98; Halpin Mfg. Co. v. School District, 54 Mo. App. 371. So far as our decisions go the only exception perhaps thus far developed are contracts for labor for a specified term." Keith v. Ridge, 146 Mo. 97; Marsh v. Richards, 29 Mo. 105; Yates v. Ballentine, 56 Mo. 535; Dempsey v. Lawson, 76 Mo. App. 526; West v. Freeman, 76 Mo. App. 101; Squire v. Brewing Co., 90 Mo. App. 467. (2) "To make matters *res*

*adjudicata* there must be a concurrence of the four conditions, following: Identity of the thing sued for, identity of the cause of action, identity of persons and parties to the action, identity to the quality of the persons for or against whom the claim is made." State v. Hollinshead, 83 Mo. App. 682; Winham v. Kline, 77 Mo. App. 46; Garland v. Smith, 164 Mo. 22.

*E. S. Robert* and *Douglas W. Robert* for respondent.

(1) Where a party enters into a contract for the sale and delivery of property at a stipulated price, the contract being entire, a full performance on his part is a condition precedent to a right of action for the price of any part of the property delivered. Bersch v. Sander, 37 Mo. 104; Wagner v. Electric Co., 82 Mo. App. 299; Halpin v. Manny, 33 Mo. App. 388. (2) A judgment not appealed from is conclusive against a second suit for the same cause of action. And it is immaterial what the form of action was. Railroad v. Traube, 59 Mo. 355; Donald v. Wright, 147 Mo. 639; Hermann v. Schwartz, 59 Mo. App. 649; Koenig v. Morrison, 44 Mo. App. 411; Gren v. Von der Ahe, 36 Mo. App. 394. (3) A single cause of action can not be split in order that separate suits may be brought for the various parts of what constitutes but one demand. Bank v. Tracy, 141 Mo. 252.

BLAND, P. J.—1. The plaintiff clearly made out a prima facie case entitling it to recover for the value of the machinery furnished. No countervailing evidence on the merits was offered by defendant. It is therefore evident that the learned trial judge was of the opinion that the judgment in the former action was a bar to a recovery in the present action. The correctness of this ruling is the only question presented by the record for decision. It is the well-settled law of this

State that where machinery, or other articles are furnished a defendant by plaintiff, under a special contract, that are retained by the defendant, though they do not come up to the requirements of the contract, yet if they are of value to the defendant, it will be liable to the plaintiff for such value, less whatever damages it may have sustained by plaintiff's failure to comply with the contract. Rude v. Mitchell, 97 Mo. 365; Moore v. Gaus & Sons Mfg. Co., 113 Mo. 98; Keith v. Ridge, 146 Mo. 90; The Globe Light & Heat Co. v. Doud, 47 Mo. App. 439; West v. Freeman, 76 Mo. App. 96.

2. Section 593, of the code of civil procedure provides that: "The plaintiff may unite in the same petition several causes of action, . . . where they all arise out of: First, the same transaction or transactions connected with the same subject of action, or, second, contract, expressed or implied. . . But the causes of action so united must all belong to one of these classes, . . . and must be separately stated." By virtue of this section the plaintiff might have united in its petition in the first suit, a count in assumpsit for the value of the machinery. The Globe Light & Heat Co. v. Doud, supra; Moore v. Gaus & Sons Mfg. Co., 113 Mo. l. c. 98; Brinkman v. Hunter, 73 Mo. l. c. 178. And thus been prepared to meet any state of the proof, or it might have sued in assumpsit indebitatus, offered the contract in evidence and showed a full compliance on its part with all of the conditions of said contract and recovered the contract price, or if it had failed to show a full performance, but that defendant had accepted the machinery and that the same was of value to it, could have recovered such value. Mansur v. Botts, 80 Mo. 651; Williams v. Railroad, 112 Mo. l. c. 491; Moore v. Gaus & Sons Mfg. Co., 113 Mo. l. c. 107; Squire v. Brewing Co., 90 Mo. App. 462.

Plaintiff in the first suit chose to sue on the contract and take its chances to show a performance and thus recover the full contract price. It failed in that suit

and after judgment against it, now seeks to recover the value of the same machinery furnished in pursuance of the same contract to the same defendant. No new facts have intervened since the judgment and the plaintiff has acquired no new rights.

The form of action in this suit is different from the form of action in the former suit, but this is not material if the parties and the issues are the same. The pleadings in the former suit raise three issues of fact: First, whether or not the contract was entered into; second, whether or not it was subsequently modified as was alleged in the petition; and, third, whether or not the plaintiff kept and performed all of the conditions on its part. Aside from the question of *res adjudicata*, the pleadings in the present suit raise these issues of fact: Whether or not plaintiff furnished the defendant at its special instance and request, in the year 1901, one hydraulic press, one hydraulic pump and one elevator that was available to the defendant, and whether or not the defendant received and accepted the machinery, and if so, what was the money value of the machinery so furnished.

The evidence on the part of the plaintiff is substantially the same in both suits.

Under the instructions given to the jury in the former suit they may have found that the machinery was not furnished at all; or, if furnished, it did not correspond with the specifications; or, that it did not come up to the specifications as alleged to have been modified, but that defendant did not agree to the modifications; or, they may have found that the elevator, though delivered was not erected or that the knives were not delivered; or, they may have found that the plaintiff failed to prove its case in its entire scope. But for the purpose of the decision of the question under consideration, we think it immaterial whether plaintiff failed to prove the allegations of his petition in their entire scope, or merely failed to prove some one of its allegations essential to its right of recovery on the contract.

In the first suit, to entitle the plaintiff to recover, it was required to show exact performance of the contract on its part in every particular. In the present suit to entitle it to recover it was not required to prove a contract, but only facts from which the law will imply a contract, i. e., that at defendant's request plaintiff furnished it machinery which defendant had retained and that it was of some value. The first suit was on an express contract; the present one is on an implied one. The contracts are entirely different and it matters not that they both seek to recover damages for the same article, they are separate and distinct causes of action; as distinct as is a contract, all the terms of which the parties have agreed to beforehand and then reduced to writing and signed, from a contract which the parties had not agreed to at all, but which the law implies from their conduct. There is, therefore, no splitting of the cause of action by the bringing of the second suit, and the rule which affords but one cause of action on an entire contract is not violated.

There is but one issue that is necessarily common to both suits, to-wit, whether or not plaintiff performed the contract; as to this issue plaintiff is estopped by the former judgment. If any other issue or issues were determined in the first suit that are involved in the present one, the fact is not disclosed by the record before us.

In Russell v. Place, 94 U. S. 1. c. 608, Justice FIELDS said: "It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record (as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and

upon which the judgment was rendered), the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined.''

The case at bar clearly comes within the doctrine of the Russell case and we conclude that plaintiff is not estopped by the judgment in the first suit to prosecute the present one.

The judgment is reversed and the cause remanded. *Reyburn* and *Goode, JJ.,* concur.