# MINTON v. F. G. SMITH PIANO CO.

---

CONTRACTS; OFFERS OF REWARDS; PLEADING.

1. The advertised offer of a reward or premium for the performance of a specified act is a proposition submitted to all persons who may accept and comply with its conditions. Until accepted it may be with-

drawn; but when accepted, it becomes a binding contract between the proposer and the acceptor who shall have performed the service or done the act required.

2. The proper form of action by one accepting an offer of a reward or premium, against the proposer who fails to carry out his undertaking, would seem to be assumpsit or possibly debt.

3. In an action by one accepting an offer of a reward or premium against the proposer who fails to carry out his undertaking, the substantial facts to be alleged are a plain statement of the offer made, acceptance and substantial compliance by the plaintiff with the terms and conditions of the offer, and the refusal of the defendant to perform. If these appear in the complaint, their effect is not impaired by the addition of superfluous charges of fraud.

4. A count in tort may be joined with a count on contract under sec. 1532, D. C. Code (31 Stat. at L. 1418, chap. 854).

5. The agreement by one entering a contest for a prize to abide by the decision of the judges of the contest binds him, in the absence of allegations of a fraudulent award, to accept their decision only as to matters properly submitted to them under the terms of the contest.

6. In case of any ambiguity in the rules governing a contest for a prize, the construction should favor the persons entering the contest, rather than the proposer who prepared and submitted the offer.

7. An offer by newspaper advertisement of a prize by a piano dealer provided: "All you have to do is to count the dots which appear in and around the outlined Webster player piano. Then send your answer with your name and address neatly and legibly written to the 'Contest Department.'" The rules governing the contest provided: "Count the dots and send your answer in with name and address plainly written. * * * In case of ties, premiums of equal value will be given to each. * * * The correct number of dots is known only to the manufacturers of the Webster piano. This number has been forwarded in a sealed envelope to the four judges of the contest, who are representatives of the four newspapers of the city of Washington. We do not know the number, and the judges will not know it until they open the envelopes on the day the contest is decided." Then followed the form which those entering the contest were authorized to send in after filling the blank left for the number, and signing the name with their address. *Held*, that by transmitting an answer to the judges, the dealer affirmed that it was plainly written, and that all that the judges were authorized to do was to compare the number of dots given in the answer with the number contained in the sealed envelope, and if they reported that an answer submitted contained the correct number, the party submitting it was entitled to the first prize offered, or in case of a tie with others, to a premium

of equal value, and that the judges had no authority, if there were more than one correct answer, to award the first prize to only one of the contestants on the basis of neatness and legibility of the answer.

No. 2162.   Submitted November 3, 1910.   Decided January 3, 1911.

HEARING on an appeal by the plaintiff from a judgment for the defendant of the Supreme Court of the District of Columbia in an action, in which the declaration contained two counts, one in tort and the other *ex contractu,* the plaintiff electing not to amend after a demurrer to each count was sustained.

*Reversed.*

The COURT in the opinion stated the facts as follows:

On October 17th, 1909, the F. G. Smith Piano Company, a corporation engaged in business in the District, published in the Washington Daily Post the following advertisement of a prize scheme:

Free—$675 Webster Player Piano.

First Prize in the Great Counting Contest of the F. G. Smith Piano Company.

Prize No. 2—$25 in Gold.
Prize No. 3—$20 in Gold.
Prize No. 4—$15 in Gold.
Prize No. 5—$10 in Gold.
Prize No. 6—$ 5 in Gold.

These Prizes Given Absolutely Free to Successful Counters.

Additional prizes aggregating $4,250 will be awarded contestants in the order of merit.

This great counting contest offers you the easiest chance you've ever had to earn a valuable prize by simply using your brains.  All you have to do is to count the dots which appear

in and around the outlined Webster player piano. Then send your answer with your name and address neatly and legible written to the "Contest Department," F. G. Smith Piano Company, before 6 P. M. Tuesday October 26, 1909.

Enter the contest now. All who get their answers in within the time limit have an equal chance to earn a prize. This liberal offer is part of our plan for extending the fame and popularity of our Webster pianos and player pianos.

### Rules Governing Contest.

Count the dots and send your answer in with name and address plainly written. Only one member of a family may enter. Only one estimate will be accepted from the same contestant. No one connected with the music trade may enter. In case of ties, premiums of equal value will be given to each. Winners will be notified by mail. The correct number of dots is known only to the manufacturers of the Webster piano. This number has been forwarded in a sealed envelope to the four judges of the contest, who are representatives of the four newspapers of the city of Washington. We do not know the number, and the judges will not know it until they open the envelopes on the day the contest is decided.

Remember it. costs nothing to enter this counting contest, and it requires very little time and just a little brain work to count the dots and send in your answer. Do it now!

The F. G. Smith Piano Company,

1225 Pennsylvania Avenue, Washington, D. C.

I have counted ———— dots in and around the piano player and I agree to abide by the decision of the judges.

Name. ———————————,

Address ————, City ————, State ————.

You may fill out this blank, or at your option use other paper. Contest closes Tuesday, October 26, 1909, at 6 P. M. All answers must be addressed to the "Contest Department."

The F. G. Smith Piano Company,

1225 Pennsylvania Ave.,

Bradbury Building, Washington D. C.

The appellant, Herman L. Minton, claiming to have successfully counted the dots and to have become entitled to the first prize offered therein, or its equivalent in value, began this action by a declaration filed January 19th, 1910. This declaration is in two counts.

The first count sets out in full the advertisement above quoted, declaring the same an offer to any and all persons who might undertake compliance with the same. It alleges that plaintiff in consideration of defendant's offer to give prizes to successful counters, and its promise and warranty that, in case of ties, premiums of equal value would be given to each, and that the judges of the contest should within a reasonable time decide said contest according to the "rules governing contest," and not otherwise, was induced to accept and did accept the said offer as made in said advertisement. That he counted the dots in and around said picture, and ascertained the true number to be 3,228. That on October 23d, 1909, he sent his said acceptance and solution to defendant. The written statement of plaintiff's acceptance and compliance is set out, and it is alleged that it was made out by filling the blank spaces left for the number and the name and address of the answerer in the form attached to said advertisement. It further alleges that said form was deceitfully designed to entrap plaintiff and others to make in advance a promise to abide by the fraud contemplated and practised by the defendant. That plaintiff's acceptance, answer, and solution were duly received and the receipt thereof acknowledged. It then alleged facts showing that plaintiff was not within any of the exceptions of said

offer of premiums as published. That having so done and made a correct answer, plaintiff became entitled to the first prize offered in case no other ascertained the true number of dots, and in case of other correct answers, so that a tie might arise, the plaintiff became entitled to receive a premium of equal value, to wit $675. That he became entitled to notice of action on his answer in a reasonable time and to the delivery of said prize or premium on demand. That notwithstanding plaintiff was a successful counter and had fully performed all of the requirements of said contract, the defendant has fraudulently and tortiously neglected to deliver him either the first prize or one in equal value thereto. That in pursuance of its design to defraud plaintiff, the defendant on November 27, 1909, addressed him the following letter:

Washington, D. C., November 27th, 1909.

Mr. Herman L. Minton,

618 7th Str. N. E., City.

Dear Sir:— The judges in our recent Dot Counting Contest regretted that your solution, while correct in number, did not measure up in the other two points, neatness and legibility, with other correctly numbered solutions submitted to them, so that, under the rules governing the contest, they were unable to award you one of the advertised prizes; however, they agreed that the originality of your design should have some recognition aside from contest rules, and suggested that an extra prize of $2.50 in gold be awarded to you as a mark of appreciation, and if you will call at our wareroom we will be pleased to carry out their suggestion.

Very truly yours,

(Signed)            F. G. Smith Piano Company,

(Countersigned)            W. P. Van Wickle,

Vice President.

That on December 9th, 1909, it addressed him another letter as follows:

Washington, D. C., December 9th, 1909.

Mr. William Bradford,

405 5th Str. N. W., City.

Dear Sir:—We have your favor dated December 8th, in which you state that a client of yours, Herman L. Minton, claims to have entered a "contest" advertised by us in the several daily papers a few weeks ago, and that he won a $675 piano, which has not been delivered to him.

This would be important if true, but unfortunately for Mr. Minton his statement is not correct, he won no prize and there is absolutely no foundation for his claim.

In the contest referred to, persons were invited to compete under the printed rules, governing the contest in the Washington Post, and other daily papers, we calling to mind the Star of October 21st, 1909; the rules specified that contestants were to count the dots in the advertisement, and send in their solution either on the printed coupon connected with the advertisement, or another paper at their option; the rules also stated that neatness, legibility, and accuracy (correctness of number) were to be the three points to be considered by the judges in coming to their decisions, making the awards of prizes, in other words the mere sending in of the correct number was not of itself sufficient to win any prize, there were two other points to be complied with by all contestants; in addition to this, every contestant over his or her signature, had to agree to abide by the decision of the judges, four (4) representatives of the Washington daily papers; Mr. Minton entered the contest with this agreement, as did all contestants, the decision of the judges to be final; in this connection we wish to say that as advertised this company had nothing whatever to do with the making of the awards of prizes, or arriving at any conclusion whatsoever relative to the awards, this was relegated to the judges, and if Mr. Minton had any grounds for complaint, it would

be against the judges, from whose decision he agreed not to appeal, and not against the F. G. Smith Piano Company.

The correct number, as announced by the judges, was 3,238, and a great many persons sent in this number, among others Mr. Minton, and while they all had the correct number—one of the three points to be attained—many fell down on the other two points,—neatness and legibility; the judges went over the correctly numbered solutions, eliminating those not up to the standard of neatness and legibility; and awarded the prizes in the order of merit to those solutions which they adjudged as the neatest and most legible; the judges did not find that Minton's solution, and many others, while correct in one point (the right number), compared with other solutions in points of neatness and legibility, the two other points to be observed, and Mr. Minton and all others, not awarded prizes, were so advised.

We trust we have made it plain that sending the correct number alone did not entitle anyone to a prize, there were other conditions to be observed under the rules, nor did sending the correct number alone, by two or more persons, constitute a tie under the rules, for solutions had to be not only correct in number, but so equal in point of neatness and legibility that the judges could not discriminate between them, but that did not occur, the judges found no solutions perfectly equal in all three points.

Plaintiff then further alleges that in consideration of the representation and warranty so falsely and fraudulently made by defendant, he was induced to accept said offer, supposing it to be bona fide, honest, and fair, and upon no other supposition and condition, and that his promise to abide by the decision of the judges in said contest was not absolute, but contingent upon said supposition and condition, and was nullified by defendant's fraud and deceit; that defendant has never performed the conditions, on its part, offered according to the terms of the same, but has fraudulently and tortiously neglected and refused to perform the same, to the great damage of plaintiff, namely $675.

The second count sets out the offer of the premiums as advertised, and alleges that the same was fraudulent and deceitful. It further alleges that plaintiff was induced by the same to count the said dots and perform all the things required by said offer and warranty to entitle him to the said prize. That he did so perform the same and became entitled thereby to the benefit of said offer and warranty. That he has often requested the defendant to fulfil said warranty and deliver to him a premium equal in value to a $675 Webster player piano, but that the defendant has neglected and refused so to do, and has broken its said warranty, although all conditions precedent have been performed and the period of time for so doing has elapsed, and plaintiff has become entitled to maintain this action. That he therefore sues the defendant for $675 due and owing to him in consideration of the breach of said warranty. He asks judgment for said sum.

Defendant demurred to each count, assigning as one of the matters of law to be argued that neither count shows that plaintiff was a "winner" in the counting contest set out in said counts. The demurrer was sustained to each count, the opinion of the learned trial justice being stated as follows:

"If the plaintiff was induced into a contract by fraud, he can either rescind or affirm it; not both. If he affirms it, he must abide by its terms as well as the other party. By suing for its breach, he appears to affirm it; one of its terms is that the shall abide by the decision of the judges, and this term is obligatory unless there was a fraudulent award by the judges; indeed in the absence of even an averment that the judges have or have not decided, he shows only a state of fact, in which he can have no right of action."

Plaintiff declined to amend, and final judgment was entered for the defendant, from which this appeal has been prosecuted.

*Mr. William Bradford* for the appellant.

*Mr. W. C. Sullivan* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The appellant characterizes the first count as an action for damages for deceit, and the second as an action on an implied warranty, claiming that he is authorized to join the two counts in one declaration by the provisions of the Code, sec. 1532 [31 Stat. at L. 1418, chap. 854]. See also *Shippen* v. *Bowen,* 122 U. S. 575–582, 30 L. ed. 1172–1174, 7 Sup. Ct. Rep. 1283.

The advertised offer of a reward or premium for the performance of a specified act is a proposition submitted to all persons who may accept and comply with its conditions. Until accepted it may be withdrawn; but when accepted, it becomes a binding contract between the proposer and the acceptor who shall have performed the service or done the act required.

The formal action by the acceptor against the proposer who fails to carry out his undertaking would seem to be assumpsit, or possibly debt.

It may be conceded that the declaration in this case is inartificial and redundant. It contains unnecessary charges of fraud, but its character and sufficiency are not to be determined by these, but by the substantial facts alleged. The substantial facts to be alleged are a plain statement of the offer made, acceptance and substantial compliance by the plaintiff with the terms and conditions of the offer, and the refusal of the defendant to perform. If these appear in either count their effect is not impaired by superfluous charges of fraud. It is substance, not form, that governs the construction.

Although plaintiff entitles the contract a warranty, yet as set out in the count with the allegations of performance by the plaintiff it became a contract, for the failure to perform which he sues. Treating the first count as sounding in tort, he had the right to join therewith the count sounding in contract. Code, sec. 1532. While this second count might have been more specific in its details, we are of the opinion that it was not subject to demurrer. The argument that he does not show

that he was a winner in the proposed contest for prizes is founded upon the contention, sustained by the learned trial justice, that he is bound by the award of the judges of the contest, unless there was a fraudulent award by them which has not been alleged.

The acceptance by plaintiff and his agreement to abide by the decision of the judges binds him, in the absence of allegations of a fraudulent award, to accept their decision in the matters properly submitted to them under the terms of the offer, which became a contract by plaintiff's compliance with its terms. The authority of the judges of the contest must be determined by the terms of the published offer and rules governing the contest. These must be given a reasonable interpretation, and in case of ambiguity in any particular the construction should favor the acceptor rather than the proposer, who prepared and submitted the offer.

There is, however, no ambiguity. The offer states: "All you have to do is to count the dots which appear in and around the outlined Webster player piano. Then send your answer, with your name and adress neatly and legibly written to the Contest Department, F. G. Smith Piano Co. before 6 P. M. Tuesday, October 26th, 1909. In the "rules governing contest" the following appears: "Count the dots and send your answer in with the name and address plainly written. * * * The correct number of dots is known only to the manufacturers of the Webster Piano. This number has been forwarded in a sealed envelope to the four judges of the contest, who are representatives of the four newspapers of the city of Washington. We do not know the number, and the judges will not know it until they open the envelope on the day the contest is decided." Then follows the form which those entering the contest are authorized to send in after filling the blank left for the number, and signing the same with the address of the signer.

It appears from this that the piano company was to ascertain if the name and address were plainly written. If not, it was under no obligation to transmit the answer to the judges.

By such transmission they affirmed that these were plainly written. All that the judges were required to do was to compare the number of dots given in the answer, with the number contained in the sealed envelope submitted by the manufacturers. The number was plainly enough written for them to make this comparison, and they reported that the answer contained the correct number of dots. Their duty, according to the terms of the advertisement, was fully performed when they did this. It seems that there was very little margin for "neatness and legibility" in the answer as returned on the blank form as authorized; but whether so or not, the determination of that was entirely beyond the power of the judges, and their finding on that ground was without weight or effect. Their duty was fully performed when they found and reported that the number given in the answer was the correct one. Everything beyond that was superfluous. The actual finding that plaintiff had given the correct number in his answer entitled him either to the special first prize offered, or, in case of a tie with others, to a premium of equal value. It was not necessary for him to allege fraud in the award of the judges in respect of a matter not submitted to their judgment by the terms of the offer as published and accepted.

It was error, therefore, to sustain the demurrers, and the judgment will be reversed, with costs. The cause will be remanded with directions to grant a new trial and for further proceedings not inconsistent with this opinion, pending which the plaintiff will be permitted to amend his declaration if so advised.                            *Reversed.*