## SILBER v GALE

Ohio Appeals, 8th Dist, Cuyahoga Co
Decided Dec. 22, 1930

H. R. Schuler, Cleveland, for Silber.
Turney & Sipe, Cleveland, for Gale.

LEVINE, J.

The defendant, by way of justifying the decision of the Common Pleas Court, relies upon a citation from 20 Corpus Juris, page 29 as follows:

"According to the weight of authority, the mere commencement of any proceeding to enforce one remedial right, in a court having jurisdiction to entertain such proceeding, is such a decisive act as constitutes a conclusive election, barring the subsequent prosecution of inconsistent remedial rights."

Also Frisch v. Wells, 200 Mass., 429, follows:

"It is not, however, the judgment which may be obtained, but the commencement of a suit to enforce a co-existing remedy in a court having jurisdiction, which constitutes the decisive act, and makes the election binding."

He also cites Spurdis v. Karadontes, 170 N. Y. S., 92-3.

A clear understanding as to the underlying reason for the doctrine of election of remedies, will aid us in the determination of this suit. It is essentially based upon the doctrine of estoppel, and before it can be invoked it must be known that the action of one of the parties has caused the other party to change his position to his own detriment. The filing of this suit in the Municipal Court by plaintiffs against defendant, for rentals claimed to have become due under the written lease, in no way caused defendant to change his position to his detriment and hence, in our opinion, estoppel does not lie and it follows, therefore, since the doctrine of election of remedies is based upon estoppel, that said doctrine is not applicable to the present case.

We are inclined to the further opinion that even if the case had not been dismissed in the Municipal Court without prejudice, and the same was heard by the trial court wherein a judgment was had, that no suit can be maintained under the written lease, because it describes the premises as apartment No. 8, whereas the apartment which defendant occupied was apartment No. 7, that this would be no bar to the present action which seeks a reformation of the description of the apartment found in the lease from No. 8 to 7. These two remedies are not inconsistent, and therefore the determination of the suit for rental based upon the written lease, in favor of defendant, for the reason given, should not

be held to be a bar to the suit in equity seeking a reformation of the lease, so as to make it correspond to the real intention of the parties.

Citing from **Fredrickson v. Nye et al., 110 Oh St, 459,** paragraph 2 of the syllabi, as follows:

"In order that an election of one remedial right shall be a bar to the pursuit of another, the same must be inconsistent and the election made with knowledge and intention and purpose to elect. Mere bringing of a suit is not determinative of the right, but the party making the election must have received some benefit under the same, or have caused detriment to the other party, or pursued his remedy to final judgment."

We are, of course, not required at this time to pass upon the merits involved in the case. It is quite possible that the trial court upon another trial may reach the same conclusion he did in this case after hearing the merits of the controversy. The case, however, has not reached the stage of a decision upon the merits, and we are of the opinion that the court committed error in holding that there was an election of remedies, so as to preclude the plaintiffs from prosecuting the present action.

Holding as we do, we are of the opinion that the judgment of the Common Pleas Court was erroneous, and it is therefore ordered reversed and remanded for new proceedings according to law.

Vickery, PJ, and Weygandt, J, concur.