**NORTH AMERICAN GRAPHITE CORP.**
**v. ALLAN.**

No. 10394.

United States Court of Appeals
District of Columbia Circuit.

Argued May 10, 1950.

Decided July 3, 1950.

Mr. Arthur C. Katims, Washington, D. C., with whom Mr. Albert A. Carretta, Washington, D. C., was on the brief, for appellant.

Mr. Arthur L. Willcher, Washington, D. C., with whom Mr. Jack Politz, Washington, D. C., was on the brief, for appellee.

Before CLARK, BAZELON and FAHY, Circuit Judges.

FAHY, Circuit Judge.

This is an appeal from a judgment entered in the United States District Court upon a jury verdict in favor of appellee, Allan, for $4,000.00 for engineering services. The appellant North American Graphite Corporation, defendant in the District Court, contracted with the appellee for engineering and supervisory services in its efforts to rehabilitate a graphite mine in Pennsylvania owned by the Corporation. The contract consisted of a series of letters. In a letter of March 5, 1946, appellee offered his services upon the following terms and conditions:

"Engineering and supervision to be $5000.00, plus expenses incurred in travel in connection with this project, payable as follows:

"A. $1000.00 retainer payable upon entering into our agreement.

"B. $500.00 per month retainer for duration of project (estimated as a maximum of 3 months).

"C. Remainder of the $5000.00 to be paid when mill is ready for operation. * * *"

After mutual discussions appellant wrote appellee setting forth the following changed terms and conditions of payment:

"1. Fifty per cent or $500 of the initial retainer to be paid you upon entering into our agreement.

"2. The balance of the initial retainer, $500, to be payable 60 days thereafter.

"3. The balance of the over-all retainer or $4,000 to be payable at the rate of $500 per month to commence as soon as the plant is in successful operation, profitably processing and selling commercial grade graphite.

"As explained to you, the length of time necessary to place the plant in operation, and the large expenditures required for new machinery and equipment, make it imperative that disbursements for services be delayed until the plant is producing income; thereafter, however, the payment of your fee would be accelerated, and it is our intention that full payment be effected at the earliest practical moment."

A week later, on March 22, 1946, appellee replied that "These terms and conditions as outlined in your letter are acceptable to us."

After Allan had performed all or substantially all of the work called for by the contract his services were terminated by appellant in violation of the contract. He was instructed by the president of the Corporation not to go to the mine until further notice and none was given. Some time later the Corporation abandoned the attempt to rehabilitate the mine and it has never been operated successfully. Appellee brought suit in the District Court for breach of contract, claiming $4,000.00 as the unpaid balance, and was permitted to amend his complaint before trial by the addition of a count in quasi-contract for the value of his services, also stated to be $4,000.00 (Rules 15(a), 18, Fed.Rules Civ.Proc. 28 U.S.C.A.).

In the factual situation outlined above Allan could sue on the contract for its breach or treat the breach a repudiation of the contract and sue for the value of the

services he had rendered.[1] The principal question is whether it was error for the court to permit him to go to the jury on both these theories without an election between them.

I. (A) Appellee introduced in evidence the writings containing the terms of the contracts. Appellant argues that, "Having proceeded to introduce the written contract into evidence, the plaintiff had in effect elected to rest his case on the written contract", and therefore it was error to permit evidence to be introduced as to the reasonable value of the services.

■■ The doctrine of election of remedies thus invoked seeks to prevent a party from shifting his position inconsistently. Since it is rooted in estoppel, the doctrine is not available as a defense unless the defendant has materially changed his position as a consequence of plaintiff's previous conduct. McDanels v. General Ins. Co. of America, 1934, 1 Cal.App.2d 454, 36 P.2d 829, 833; Bank of United States v. National City Bank, 1924, 123 Misc. 801, 206 N.Y.S. 428, 432, affd. 1925, 214 App. Div. 716, 209 N.Y.S. 793; Silber v. Gale, 1930, 38 Ohio App. 248, 175 N.E. 886; Restatement, Contracts, § 381. The applicability of the doctrine to the situation here presented appears not to have been decided previously in this jurisdiction; but we think the better rule is that no election is required between contract and quasi-contract. The two remedies may be joined and pursued in the same action. Hubbard v. Ball, 1938, 59 Idaho 78, 81 P.2d 73; 28 C.J.S., Election of Remedies, § 6, p. 1072. Some cases go so far as to hold that a suit on contract carried to an unsuccessful judgment is not *res judicata* to a subsequent suit in *quantum meruit* based on the same facts. Water, Light & Gas Co. v. City of Hutchinson, 8 Cir., 1908, 160 F. 41, 19 L.R.A., N.S., 219; City of Davenport v. Allen, C.C.S.D.Iowa 1903, 120 F. 172; Rossman v. Tilleny, 1900, 80 Minn. 160, 83 N.W. 42, 81 Am.St.Rep. 247; Arthur Fritsch Foundry & Machine Co. v. Goodwin Mfg. Co., 1903, 100 Mo.App. 414, 74 S.W. 136; Kirkpatrick v. McElroy, 1886, 41 N.J.Eq. 539, 7 A. 647; Marsh v. Masterson, 1886, 101 N.Y. 401, 5 N.E. 59; Henrietta Nat. Bank v. Barrett, Tex.Civ.App.1894, 25 S.W. 456; Buddress v. Schafer, 1895, 12 Wash. 310, 41 P. 43. Contra: Curtis v. Hanna, 1937, 146 Kan. 919, 73 P.2d 1063; Scott v. McIntosh, 1932, 167 S.C. 372, 166 S.E. 345 [actions on lease and *quantum meruit* require election].

■■ In the present case the absence of any change in appellant's position or prejudice to it prevents application in any event of the rule requiring an election. The only evidence required on the *quantum meruit* count, in addition to that admissible under the count on the contract, was as to the value of the services. The necessity of rebutting this evidence is not prejudice. Furthermore, since there was a verdict without specification as to which of the two counts it rested upon plaintiff must be able to show that it was proper to submit both counts to the jury; that is to say, failure to support either would lead to reversal. Patton v. Wells, 8 Cir., 1903, 121 F. 337; Travelers' Ins. Co. v. Wilkes, 5 Cir., 1935, 76 F.2d 701.

■ Bearing in mind the Supreme Court's admonition in Friederichsen v. Renard, 1917, 247 U.S. 207, 213, 38 S.Ct. 450, 62 L.Ed. 1075, quoted in McFadden

---

[1] " * * * If the plaintiff has fully performed the contract * * * and 'if the only part of the agreed exchange for such performance that has not been rendered by the defendant is a sum of money constituting a liquidated sum,' the only redress he has for breach of contract by the other side is damages for the breach. It is true that if the performance to which he is entitled in return is a liquidated sum of money, he may sue in *indebitatus assumpsit* and not on the special contract, but the measure of damages is what he ought to have received—not the value of what he has given. If, however, the plaintiff has only partly performed and has been excused from further performance by prevention or by the repudiation or abandonment of the contract by the defendant, he may recover, either in England or America, the value of the services rendered * * *." Williston on Contracts, Revised Edition, Vol. 5, § 1459, pp. 4076-7.

Securities Co. v. Stoneleigh Garage, 1932, 60 App.D.C. 400, 55 F.2d 1025, 1027, that " 'At best this doctrine of election of remedies is a harsh, and now largely obsolete rule, the scope of which should not be extended'," and since no significant prejudice to appellant is apparent, appellee was not required in our opinion to elect between his remedies.

■ (B) As to the objection that evidence of the value of appellee's services violated the parol evidence rule it is sufficient to say that the evidence was not offered to vary, modify or contradict the terms of the written contract. On the quasi-contract count it bore upon the worth of the services. Since, as we have said, the plaintiff was not required to elect and could proceed on both counts he could introduce evidence of the value of his services.

■ II. Appellant reads the correspondence constituting the contract as meaning that appellee was not entitled to the balance of $4,000.00 unless the plant was "in successful operation, profitably processing and selling commercial grade graphite." The trial court held the obligation to pay was not contingent upon such successful operation.

We must seek the intent of the parties as to the meaning of the contract.

"If parties intend that a debt shall be contingent * * * then it will be so held by the Court. If, on the contrary, they intend that the debt shall be absolute, and fix upon the future event as a convenient time for payment merely * * * and, if the future event does not happen as contemplated, the law will require payment to be made within a reasonable time. The parties having neglected to provide for such a contingency, the law in this, as in many other cases, supplies the omission by implying such a promise as is necessary to do justice between the parties,—such as we may fairly presume would have been made in fact, if the contingency had been thought of. In each case, the intention of the parties to make the debt contingent or otherwise, must be gathered from the language used, the situation of the parties, and the subject matter of the contract, as presented by the evidence." DeWolfe v. French, 1864, 51 Me. 420, 421, quoted in Williston on Contracts, Revised Edition, Vol. 3, § 799, p. 2246. See, also; Nunez v. Dautel, 1873, 19 Wall. 560, 86 U.S. 560, 22 L.Ed. 161; Mock v. Trustees of First Baptist Church of Newport, 1934, 252 Ky. 243, 67 S.W.2d 9, 11, 94 A.L.R. 716; Pegg v. Olson, 1924, 31 Wyo. 96, 223 P. 223; Hogan v. Globe Mut. Bldg. & Loan Ass'n, 1903, 140 Cal. 610, 74 P. 153.

■ The successful operation of the mine was known by all the parties concerned to be a speculative undertaking and had they intended a contingent fee contract we believe clearer language would have been used to convey that meaning. Appellant having written the letter which became the basic contractual instrument doubts as to its meaning are to be construed against appellant. Minton v. F. G. Smith Piano Co., 1911, 36 App.D.C. 137, 33 L.R.A., N.S., 305; Nicolopole v. Love, 1912, 39 App.D.C. 343, 47 L.R.A., N.S., 949; National Symphony Orchestra Ass'n v. Konevsky, D.C.Mun.App.1945, 44 A.2d 694; American Surety Co. v. Pauly, 1897, 170 U.S. 133, 18 S.Ct. 552, 42 L.Ed. 977; Williston on Contracts, Revised Edition, Vol. 3, § 621, p. 1788; Restatement, Contracts, § 236(d); Mock v. Trustees of First Baptist Church of Newport, supra, 67 S.W. at page 11. The letter shows the Corporation was interested in postponing its liability. It said, "large expenditures required for new machinery and equipment make it imperative that disbursements for services be delayed until the plant is producing income; thereafter, however, payment of your fee would be accelerated". Furthermore, the retainer mentioned in Allan's original offer, where clearly payment is not meant to be contingent upon the success of the enterprise, is the same in amount as the retainer in the contract. It is reasonable in all the circumstances to believe that Allan did not engage his services at the same rate on a regular as on a contingent basis. We accordingly hold that the trial judge did not commit error in interpreting the contract to mean that only the time of liability was contingent, not the liability itself. Ap-

pellant's abandonment of the project having rendered the stated time of payment impossible payment became due in a reasonable time after the abandonment. George A. Fuller Co. v. Brown, 4 Cir., 1926, 15 F.2d 672, 677-8; DeWolfe v. French, supra; Banque Russo-Asiatique v. Dolch, 9 Cir., 1925, 3 F.2d 266.

III. We have examined the facts regarding appellant's contention that the trial judge was prejudiced against it and a fair trial accordingly was denied. We find in the facts relating to this subject an insufficient basis for reversal.

Affirmed.