400 P.2d 383

Ruby PHILPOT, Guardian ad Litem for Daniel Melvin Gibbs, Minor, Plaintiff-Appellant,

v.

Bernard R. GERARD, M.D., Individually, Defendant-Respondent,

and

Bernard R. Gerard, M.D., and Harold N. Gates, M.D., a co-partnership doing business as the Orofino Clinic, and Clearwater County, Idaho, a political subdivision of the State of Idaho, and Clearwater Valley Hospital, a county hospital organized and existing pursuant to Title 31, Chapter 36, Idaho Code, Defendants.

No. 9451.

Supreme Court of Idaho.

March 23, 1965.

Paul C. Keeton, Lewiston, for appellant.

Ware, Stellmon & O'Connell, Lewiston, for respondent.

McQUADE, Chief Justice.

On November 12, 1958, Daniel Melvin Gibbs, a minor, was placed in Clearwater Valley Hospital at Orofino for treatment of a lung congestion. On November 13, 1958, while in the course of treatment for said congestion, the minor child was injured.

A complaint was filed on January 13, 1960, against: Bernard R. Gerard, M.D., the attending physician; the partnership of Bernard R. Gerard and Harold N. Gates; Clearwater County; and Clearwater Valley Hospital; contending that the injuries came "as a direct and proximate result of the concurrent carelessness and negligence of the defendants in caring for and treating said infant child."

The appellant dismissed the action againt all defendants excepting the present defendant. In 1963 the appellant moved for leave of the court to file an amended complaint under Rule 15(a), I.R.C.P.

The motion for amendment was made of the court "for the reason that settlement has been made with part of the defendants involved in said action."

The settlement states in essence that for the sole consideration of $25,000 paid by Clearwater County, Clearwater Valley Hospital and Harold N. Gates, the payors are released and discharged from any and all claims. A stipulation for an order of dismissal was filed by the plaintiff and these defendants. The court ordered the action against them dismissed with prejudice and without costs.

The proffered amended complaint reads in part:

"That the defendant Bernard R. Gerard, M.D., prescribed and supervised the medical treatment of Daniel Melvin Gibbs at the Clearwater Valley Hospital and said treatment was conducted by and under the instructions of the defendant Bernard R. Gerard, * * *. That the defendant Bernard R. Gerard, M.D., was careless and negligent in treating the said infant Daniel Melvin Gibbs in the following particulars, to-wit:

\* \* \* \* \* \*

"And that the acts of negligence hereinabove alleged were the proximate cause of the injuries and damages suffered by said infant child, Daniel Melvin Gibbs."

The respondent objected to the motion for leave to file amended complaint and moved for summary judgment under Rules 56(b) and (c), I.R.C.P., on February 9, 1963. Respondent based his motion for summary judgment on: (1) A full and complete release had been given by appellant; (2) The appellant through the guardian ad litem had agreed that an order be made dismissing the action with prejudice in compliance with an order of the probate court; .(3) The stipulation of settlement and order by the district court, voluntarily entered into by the appellant, acted as a retraxit.

The district judge concluded that respondent was entitled to judgment as a matter of law and dismissed the action without costs. The court stated that the summary judgment disposed of the appellant's motion for leave to file an amended complaint.

From the order of the district court granting the summary judgment and denying the motion for leave to amend, this appeal is taken.

It is said in Moore's Federal Practice, Vol. 3, p. 874:

"Recognizing that the entire spirit of the rules is to the effect that controversies shall be decided on the merits, the courts have not been hesitant to allow amendments for the purpose of presenting the real issues of the case, where the moving party has not been guilty of bad faith and is not acting for the purpose of delay, the opposing party will not be unduly prejudiced, and the trial of the issues will not be unduly delayed."

Other courts have said that the court should be liberal in allowing amendments where no prejudice will result to the adverse party and in order to present the true facts to the court. McDowall v. Orr Felt & Blanket Co., 146 F.2d 136 (6th Cir. 1944); Maryland Casualty Co. v. Rickenbaker, 146 F.2d 751 (4th Cir. 1944).

The respondent, in his objections to the motion for leave to file the amended complaint, contends that to allow an amendment would be prejudicial if granted at this time. The objections fall generally within four categories: delay; change in the nature of the cause of action; gain of unfair advantage; and, while it makes no difference to the appellant, grant of the amendment would affect the cause of action from the point of view of the respondent.

Again turning to Moore's Federal Practice, Vol. 3, at page 901 it is said:

"It should be particularly noted, however, that while laches and unexcused delay may bar a proposed amendment, the mere fact that an amendment is offered late in the case is not enough.

to bar it if the other party is not prejudiced."

The federal courts have allowed amendment to change the nature of a cause of action, especially where the cause of action is based upon the same facts or transaction and constitutes merely a change of theory. Heay v. Phillips, 201 F.2d 220, 14 Alaska 132 (9th Cir. 1952); Broadway & Ninety-Sixth Street Realty Corp. v. Loew's, Inc., 23 F.R.D. 9 (S.D.N.Y.1958); Naamloze Vennootschap Suikerfabriek "Wono-Aseh" v. Chase National Bank of City of New York, 12 F.R.D. 261 (S.D.N.Y.1952).

It has also been held that no unfair advantage is acquired if an amendment of the pleadings is permitted which presents a valid cause of action even though it causes one party to be held liable. Chamberlin v. United Engineers & Constructors, Inc., 194 F.Supp. 647 (E.D.Pa.1961); North American Graphite Corp. v. Allan, 87 U.S.App.D.C. 154, 184 F.2d 387 (1950).

Another question to be considered is that of the relative inconvenience to the parties involved. Moore's Federal Practice, Vol. 3, at page 902, states:

"* * * In evaluating claims of prejudice, whether claimed by reason of delay or otherwise, the possible prejudice to the moving party if the motion is denied may also be weighed."

See also Coopersmith Bros., Inc. v. Stefko Blvd. Shopping Center, Inc., 30 F.R.D. 1 (E.D.Pa.1962). It suffices to say that the respondent does not lose his right to move for a summary judgment against the amended pleadings.

The Court of Appeals in Castner v. First National Bank of Anchorage, 278 F.2d 376, 384 (9th Cir. 1960), stated:

"* * * For where the entire record reveals facts susceptible of inferences that would justify an amendment of the pleadings and save the action, a motion for summary judgment should not be granted, but the party against whom the motion is directed should be afforded an opportunity to amend his faulty pleading."

Again dealing with the problem of an amended complaint submitted after a motion for summary judgment, Moore states:

"As illustrative of the rule generally pertaining to granting leave to amend, a complaint should not be summarily dismissed if there is reasonable ground for the belief that in the reframing of the complaint a good cause of action may be stated." 6 Moore's Federal Practice, p. 2056.

Further therein it is said:

"The principles governing amendment of pleadings stated above do not subvert the objectives of Rule 56. For if during the pendency of a motion for summary judgment, the adverse party amends his pleading as of course or is

permitted to do so by the court, the amendment need not defeat the pending motion, unless the amendment is substantial and real and not a mere change in form. * * * And even though the amendment is real and substantial, the moving party may renew his motion, properly supported by affidavits, depositions and admissions on file, if he feels that the amendment does not actually present a genuine issue of fact."

The amendment should have been granted.

No ruling is made on the question whether the release by appellant of defendants other than Gerard who were made parties as joint tort feasors by the original complaint released respondent Gerard. The amended complaint charges respondent Gerard as a sole tort feasor. The evidence to be developed at the trial and the facts as determined therefrom may have a bearing on the issue as to whether those defendants released were joint tort feasors, independent tort feasors, or whether there was a single tort feasor.

The judgment is reversed and the cause is remanded for further proceedings.

Costs to appellant.

McFADDEN, TAYLOR, SMITH and KNUDSON, JJ., concur.