Emilio **ALBERGO**
v.
**READING COMPANY**, Appellant.
No. 15489.

United States Court of Appeals
Third Circuit.

Argued Feb. 3, 1966.

Decided Aug. 19, 1966.

Rehearing Denied Oct. 13, 1966.

Certiorari Denied March 27, 1967.
See 87 S.Ct. 1284.

84

William J. Taylor, Philadelphia, Pa. (Morgan, Lewis & Bockius, Philadelphia, Pa., of counsel, on the brief), for appellant.

James E. Beasley, Philadelphia, Pa. (Sheldon L. Albert, Philadelphia, Pa., on the brief), for appellee.

Before STALEY, SMITH, and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

WILLIAM F. SMITH, Circuit Judge.

This appeal is from a judgment entered on a jury verdict in favor of the plaintiff in an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51.[1] There are involved two independent claims which must be treated separately. The first is for an injury sustained in an accident which occurred on July 16, 1958; the second is for an injury sustained in an accident which occurred on November 17, 1961. The applicability of the Act is not disputed.

### FIRST CLAIM

The plaintiff was employed by the defendant as a conductor and, at the time of the accident, was engaged with his crew in assembling a draft of gondola cars which were to be moved from one siding to another. These cars were loaded with sections of pipe which were lashed together by steel bands two inches in width. As the coupling between the locomotive and the lead car was effected one of the bands snapped and struck the plaintiff, who was standing near the lead car.

The important question for decision is whether the evidence, viewed in

---

1. At the close of the plaintiff's evidence the defendant moved for a directed verdict in its favor; this was renewed at the close of all the evidence; and, following the adverse verdict, the defendant moved for judgment notwithstanding the verdict and, in the alternative, for a new trial. These motions were denied.

the light most favorable to the plaintiff, was sufficient to warrant submission of the first claim to the jury. We recognize, as we must, that our "appraisal of the proofs * * * is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all" in the occurrence which resulted in the plaintiff's injury. Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 507, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957).

■ The test of a jury case "is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury * * * for which damages are sought." Rogers v. Missouri Pacific R. Co., supra, at 507, 77 S.Ct. at 448. The evidence may be minimal but it must be sufficient "to provide the jury with some rational basis for concluding that some negligence of the railroad" proximately contributed to the accident. Dessi v. Pennsylvania Railroad Company, 251 F.2d 149, 150 (3rd Cir.1958), cert. den. 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1073; Gill v. Pennsylvania R. Co., 201 F.2d 718 (3rd Cir.1953), cert. den. 346 U.S. 816, 74 S.Ct. 27, 98 L.Ed. 343. The issue of negligence may not be submitted to the jury solely on the basis of conjecture.

■ There was absolutely no evidence in the instant case as to what caused the band to break. For example, there was no showing that the band was defective or inadequate, that it was improperly attached, or that the manner in which the pipes were secured was in any way related to the breaking of the band. Indeed, it was not even shown that the railroad had anything to do with the loading of the cars. This would not relieve the defendant of liability if it was guilty of some negligent conduct which contributed to the occurrence in question, but there was no evidence from which it could have been inferred that it was.

Several of the plaintiff's fellow employees testified that prior to the accident they had seen bands dangling over the sides of gondola cars but they were unable to say that these had broken. While one witness testified that in his eighteen years of experience with the railroad he had seen bands break at least twice, there was no evidence as to what caused these bands to break or the circumstances under which they broke. The testimony of the plaintiff's fellow employees thus lacked probative value.

The plaintiff's proofs established nothing more than that he was injured as a result of an accident. Plainly, this was not enough to justify the submission of his first claim to the jury.

### SECOND CLAIM AND GENERAL VERDICT

The plaintiff suffered minor injuries on November 17, 1961, when he was struck by a defective end gate of a gondola car. There was ample evidence that the negligence of the defendant was the proximate cause of the accident, and this is not disputed. However, we have no way of knowing whether the jury's verdict was based solely on the second claim.

At the conclusion of the charge, and after the objections of counsel were considered, the court instructed the jury as follows:

"Ladies and gentlemen of the jury, * * * 'I would point out to you that if you do bring in a verdict for the [plaintiff] it shall be in one lump sum covering all of the factors that I have given you in the matter of damages— a single lump sum. Is that clear?"

In compliance with this instruction the jury returned a general verdict in the amount of $23,100 without any specification as to whether its decision was based on the first or second claim, or both.

■ Since the evidence was insufficient to warrant submission of the first claim to the jury, the judgment of the court below would be sustainable only if the verdict rested solely on the second claim. The form of the verdict makes it impossible for us to determine whether it rested on the first claim, the second,

or both. Where, as here, a general verdict may rest on either of two claims—one supported by the evidence and the other not—a judgment thereon must be reversed. Fatovic v. Nederlandsch-Ameriaansche Stoomvaart, 275 F.2d 188, 190 (2nd Cir.1960); North American Graphite Corp. v. Allan, 87 U.S.App.D.C. 154, 184 F.2d 387, 389 (1950); Atlantic Coast Line R. Co. v. Tiller, 142 F.2d 718, 722 (4th Cir.1944).

 A new trial in this case would be unnecessary if the court below had employed either of the procedures authorized by Rule 49 of the Federal Rules of Civil Procedure, 28 U.S.C.A., which were designed to encourage and facilitate the use of a special verdict, or, in the alternative, the general verdict accompanied by answers to specific interrogatories.

The judgment of the court below will be reversed with directions (1) that a judgment in favor of the defendant be entered on the first claim; and (2) that a new trial be had on the second claim.

FREEDMAN, Circuit Judge, (concurring in part and dissenting in part).

I believe that under the doctrine of Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), there was enough evidence of negligence, however meager it may be, to require submission to the jury of the question of liability on the first claim. The existence of a number of broken bands over a period of time was enough to permit the jury to conclude that defendant should either have required shippers to use stronger bands or should have inspected the bands which were used.

I therefore dissent from the direction that judgment be entered for defendant on the first claim.

I would, however, reverse the judgment of the court below and grant a new trial on the first claim because the trial judge unduly restricted the defendant's cross-examination and evidence on damages to such an extent that it constituted reversible error. Since the general verdict for both claims makes it impossible to segre-gate the damages, I therefore concur in the reversal of the judgment of the court below and the award of a new trial on the second claim. For myself, I would award a new trial on both claims.