**WESTMINSTER INVESTING CORPO-RATION, Plaintiff,**

v.

**The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Defendant.**

**Civ. A. No. 314–69.**

United States District Court
District of Columbia.

June 30, 1969.

Douglas, Obear & Campbell, Edmund D. Campbell, Daniel Webster Coon, Washington, D. C., for plaintiff.

Glassie, Pewett, Beebe & Shanks, Hershel Shanks, Washington, D. C., for defendant.

## MEMORANDUM OPINION

GESELL, District Judge.

This is a suit to construe the terms of an Agreement of Modification amending an $8,000,000 promissory note which was secured by a first trust on real estate located in Virginia. All matters requiring adjudication are presented to the Court on cross-motions for summary judgment, which were briefed and argued. The original makers and defendant, to whom the note had been assigned, entered into the modification agreement on January 8, 1967. Plaintiff was not a party to this agreement but purchased the real estate subject to the terms of the amended note. The parties before the Court are knowledgeable in finance and well represented by counsel. There is no issue of misrepresentation or impropriety presented.

The pertinent terms of the note appear below.

Installments of One Hundred Forty Thousand Dollars ($140,000) quarterly on the first day of each February, May, August and November, commencing May 1, 1959, to, and including, November 1, 1976, each such installment to include principal and interest at said rate of 4½% per annum and each installment to be applied first to the payment of interest at said rate on the balances from time to time outstanding, then to be applied to principal.

The then remaining balance of principal plus interest at said rate of four and one-half percent (4½%) per annum, on February 1, 1977.

\*   \*   \*   \*   \*   \*

\*   \*   \*   the privilege is reserved commencing with the first regular quarterly installment due date in the fourth loan year, as the term "loan year" is hereinafter defined and on any regular quarterly installment due date thereafter of making partial prepayments on principal in multiples of Five Thousand ($5,000) Dollars but not exceeding Five Hundred Thousand ($500,000) Dollars in any one loan year without prepayment charge on thirty (30) days' prior written notice to the Society. The further privilege is reserved commencing with the first regular quarterly installment due date in the fourth loan year, as the term "loan year" is hereinafter defined and on any regular quarterly installment due date thereafter of making payments in multiples of Five Thousand ($5,000) Dollars on the principal hereof in excess of said Five Hundred Thousand ($500,000) Dollars in any one loan year provided the Society is given thirty (30) days prior written notice in case of partial prepayments and sixty (60) days prior written notice in case of prepayment of the whole of the principal balance hereof and further provided that any such payment in excess of the said Five Hundred Thousand Dollars ($500,000) in any one loan year shall be subject to a prepayment charge of three percent (3%) on such excess during the fourth loan year and declining one-quarter percent (¼%) each loan year thereafter. The term "loan year" for the purposes hereof shall be deemed and construed to mean any annual period commencing on the first due date for the payment of interest under this note, or on any anniversary of said date. \*   \*   \*

Plaintiff tendered complete payment of principal on December 5, 1968, subject to a prepayment charge then appli-

cable under the terms of the note of one percent, and interest to that date. Defendant refused to accept the tender without payment of interest, that was due under the terms of the note, to the next regular quarterly installment due date of February 1, 1969. Thereupon the additional interest until February 1, amounting to $39,679.17, was also paid by plaintiff under protest pending this judicial clarification of the respective rights of the parties.

Plaintiff contends that it is unconscionable and contrary to the terms of the note to exact interest for a period after all of the principal has been paid, particularly when a prepayment charge of one percent has been assessed. Plaintiff also urges that defendant was not required to accept the earlier payment of principal but, having done so, must be considered to have waived any right of interest beyond December 5, 1968. It is clear that plaintiff had a strong business reason for making payments in December rather than on February 1 and defendant in no way encouraged or induced the earlier payment. As far as the matter of interest is concerned, defendant insisted from the very beginning of negotiations leading to the final payment that interest until February 1 was required under the terms of the note. The prepayment charge is strictly in accord with the terms of the note.

No case on point has been cited by either party nor is there evidence of any practice by the parties or of the trade generally which would aid in construing a note having terms such as the one before the Court. Recognizing that the note must be construed to place the burden of any ambiguity upon defendant, North American Graphite Corp. v. Allan, 87 U.S.App.D.C. 154, 184 F.2d 387 (1950), the Court nonetheless is unable to find any ambiguity in the note itself. From the face of the note, the Court is satisfied that payments of principal were contemplated only on installment due dates with interest running to such dates and were subject to prepayment charges. Defendant never agreed to al-

ter this contractual provision; when it accepted an earlier payment of principal it demanded interest to the installment due date. Cf. Atlantic Life Ins. Co. of Richmond v. Wolf, 54 A.2d 641 (D.C. Mun.App.1947). The note must therefore be enforced in accordance with its terms. Interest paid under protest was due and owing and summary judgment will be granted for defendant.