**CALIFORNIA TANKER COMPANY, Libelant,**

v.

**TODD SHIPYARDS CORPORATION, Respondent.**

United States District Court
S. D. New York.
May 23, 1962.

Maclay, Morgan & Williams, of New York City, for libelant; C. Dickerman Williams, New York City, of counsel.

Terhune, Gibbons & Mulvehill, New York City, for respondent; Urban S. Mulvehill, New York City, of counsel.

DAWSON, District Judge.

This is a motion for summary judgment under Admiralty Rule 58, 28 U.S. C.A. to enforce an indemnity clause of a contract between the parties for the repair of a ship.

There seem to be no material facts in dispute. The Court finds that the following material facts exist without substantial controversy:

1. Libelant, a shipowner, invited the respondent, a shipyard, to bid on a ship repair job.

2. Libelant's Invitation to Bid had annexed to it a paper entitled "General Terms and Conditions." The Invitation concluded:

"If your bid is accepted, your bid, our letter of acceptance, the Specifications and the General Terms and Conditions shall constitute the contract between us."

3. The General Terms and Conditions contained the following clauses:

"These General Terms and Conditions shall control in the event of any conflicting provision contained in the Invitation to Bid, the Bid, Letter of Acceptance and Specifications."

"9. The Contractor shall indemnify and save the Owner harmless from all claims, suits, damages, costs or demands of any kind, by third parties for death, personal injury and property damage to which Owner or the vessel may be subjected arising or growing out of performance of the work by the Contractor, its servants, agents or sub-contractors."

4. The respondent then made a bid, dated April 20, 1955. At the top of the letter which constituted this bid there was printed, in type so small that it was impossible for the Court to read it without a magnifying glass, the following:

"In connection with the accident and/or indemnity and/or insurance clauses, if any, contained in your specifications, relating to liability for personal injuries, please note that we do not agree to same, in so far as they undertake to impose any liability or any obligation to take out or maintain insurance beyond the liabilities or the obligations to insure imposed on us by law."

5. One Guinto, an employee of respondent shipyard, alleged that he suffered an injury on the night of April 22, 1955, while he was working on the ship which was being repaired. He brought suit against the libelant shipowner. Libelant demanded that respondent defend the suit. Respondent refused. Libelant successfully, but at considerable expense, through its own attorneys, defended the suit and secured judgment in its favor.

The present motion seeks an adjudication that respondent must reimburse libelant for legal expenses of this suit brought by the employee of respondent.

The indemnity clause, in the General Terms and Conditions which were accepted and became part of the contract, was an agreement to indemnify the owner of the vessel for all claims, suits, etc. to which the owner of the vessel might

be subjected arising out of or growing out of performance of the work by the shipyard, its agents, servants or subcontractors. The suit brought by Guinto was one which arose out of performance of the work by the shipyard. As such libelant had a right to be indemnified. Having now successfully defended the claim of Guinto it is entitled to be indemnified for its expenses in defending the suit, which expenses would include reasonable attorneys' fees, costs and expenses. A/S J. Ludwig Mowinckels Rederi v. Commercial Stevedoring Co., 256 F.2d 227, 232 (2d Cir.1958); Shannon v. United States, 235 F.2d 457, 459 (2d Cir. 1956). The amount of attorneys' fees, costs and expenses libelant may be entitled to recover under the indemnity clause will have to be determined in a hearing before a commissioner to be appointed under Admiralty Rule 43.

Respondent's argument that the indemnity clause is not applicable is based substantially upon the fine print at the heading of its letter of April 20, 1955 which, as the Court has already pointed out, was in type so small that it required the use of a magnifying glass to read it. It is not the sort of reservation which ordinarily would be deemed to modify the typewritten clauses of the General Terms and Conditions which must have been read by the parties and accepted by them. However, waiving this point, the language itself of the fine print does not show that it modified the indemnity clause. It simply indicated that it did not accept any obligation "to take out or maintain insurance beyond the liabilities or the obligations to insure imposed on us by law." This case does not involve any question of obligation to take out insurance or to maintain insurance. If it was intended by this clause to provide that the shipyard did not undertake to indemnify for personal injuries incurred in connection with the work performed it should have stated so explicitly. It did not do so and the Court cannot feel that the carefully drawn provisions of the General Terms and Conditions were modified thereby.

The Court concludes that libelant is entitled to summary judgment for an amount to reimburse it for any damages or expenses to which it was subjected by reason of the personal injury action brought against it by Guinto, including counsel fees, disbursements and costs.

Submit judgment in accordance herewith, providing for the reference to a commissioner.