**CALIFORNIA TANKER COMPANY,**
Libelant-Appellee,

v.

**TODD SHIPYARDS CORPORATION,**
Respondent-Appellant.

No. 173, Docket 29053.

United States Court of Appeals
Second Circuit.

Argued Nov. 17, 1964.

Decided Nov. 17, 1964.

C. Dickerman Williams, New York City (Robert M. Makla and Baker, Nelson, Williams & Mitchell, New York City, on the brief), for libelant-appellee.

George L. Varian, New York City (Urban S. Mulvehill, Francis L. Larkin and Terhune, Gibbons & Mulvehill, New York City, on the brief), for respondent-appellant.

Before LUMBARD, Chief Judge, and MEDINA and MARSHALL, Circuit Judges.

MEDINA, Circuit Judge.

We affirm in open court. Libelant California Tanker Company entered into a written contract with respondent Todd Shipyards Corporation for certain repairs on the vessel "Clarke's Wharf". During the performance of the contract Thomas Guinto, an employee of Todd, was injured. In the civil action brought by Guinto against the shipowner Todd was impleaded as a third-party defendant. After a trial on the merits the trial judge found no negligence and no unseaworthiness of the vessel and both the complaint and the cross-complaint were dismissed.

This proceeding in admiralty is for recovery of counsel fees and expenses in the defense of the action brought by Guinto, Todd having refused to undertake the defense of the charges against the shipowner.

The principal issue litigated was whether or not Todd had undertaken to indemnify the shipowner. The Invitation to Bid, issued by the shipowner contained "General Terms and Conditions," with the following:

> "These General Terms and Conditions shall control in the event of any conflicting provisions contained in the Invitation to Bid, the Bid, Letter of Acceptance and Specifications.
>
> \* \* \* \* \* \*
>
> "9. The Contractor shall indemnify and save the Owner harmless from all claims, suits, damages, costs or demands of any kind, by third parties for death, personal injury and property damage to which Owner or the vessel may be subjected arising or growing out of performance of the work by the Contractor, its servants, agents or subcontractors."

A separate document labeled "Specifications" set forth the work to be done.

Todd accepted the bid "Subject to the conditions printed herein." On the right and toward the top of the letter of acceptance is the following, printed in red ink and in such small type as to require a magnifying glass to read it:

"In connection with the accident and/or indemnity and/or insurance clauses, if any, contained in your specifications, relating to liability for personal injuries, please note that we do not agree to same, in so far as they undertake to impose any liability or any obligations to take out or maintain insurance beyond the liabilities or the obligations to insure imposed upon us by law."

This is part of what is called, in Appellant's Brief, Todd's "standard red-letter clause."

■ It is clear that the indemnity clause in the General Terms and Conditions of the Invitation to Bid was not abrogated. The legal standard of interpretation of the document is one of strictness against the party who not only prepared the wording of the clause in question but contrived the reproduction of it in such fine print as to be readable only by the use of a magnifying glass. See, e. g., North American Graphite Corp. v. Allan, 1950, 87 U.S. App.D.C. 154, 184 F.2d 387, 390; United States v. Braunstein, S.D.N.Y., 1947, 75 F.Supp. 137, 140; Henningsen v. Bloomfield Motors, Inc., N. J., 1960, 32 N.J. 358, 161 A.2d 69, 73–74, 92–94, 75 A.L.R.2d 1; Siegelman v. Cunard White Star, Ltd., 2 Cir., 1955, 221 F.2d 189, 202–203 (Frank, J. dissenting); 3 Corbin, Contracts § 559; Restatement, Contracts § 236(d).

■ Applying this rule of strict construction Judge Dawson held (S.D.N.Y., 1962, 206 F.Supp. 872, 874) that "the fine print does not show that it modified the indemnity clause" but merely indicates that Todd does not accept any obligation "to take out or maintain insurance beyond the liabilities or the obligations to insure imposed on us by law." In any event, the "red-letter clause" referred only to indemnity "clauses," "if any," in the Specifications and there is no such clause in the Specifications. This disposes of Todd's principal argument for reversal.

■ Nor is there any merit in Todd's contentions that the accident in which Guinto was injured was not one "arising or growing out of the performance of" the contract, that the legal charges and disbursements were excessive, and that it was an abuse of judicial discretion to allow 6% interest.

Affirmed.